IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICKY PAUL SMITH,

    Petitioner,

    v.

DERRAL ADAMS, Warden,

    Respondent.

No. C 09-5219 WHA (PR)

**ORDER TO SHOW CAUSE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**

(Docket No. 6)

## INTRODUCTION

Petitioner, a California prisoner currently incarcerated at Corcoran State Prison in Corcoran, California, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. He has applied for leave to proceed in forma pauperis. Venue is proper because the conviction was obtained in Contra Costa County, which is in this district. *See* 28 U.S.C. 2241(d).

## STATEMENT

A jury convicted Petitioner of making criminal threats, in violation of California Penal Code section 422. On July 6, 2007, the trial court sentenced him to a term of three years in state prison. The California Court of Appeal affirmed, and the California Supreme Court denied a petition for review.

## ANALYSIS

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in

custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing 2254 Cases, 28 U.S.C. foll. 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal."  *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.       Legal Claims**

Petitioner raises the following claims in his petition: (1) his right to due process was violated because he was not provided a defense investigator; (2) the failure to provide him with an investigator deprived him of his sixth amendment right to counsel and his right to self-representation; (3) the failure to provide him a court appointed attorney after the public defender had a conflict of interest, and the failure to provide him an investigator, violated his equal protection rights; and (4) the failure to provide him access to the telephone or to an investigator, or to allow him sufficient time to prepare for trial, violated his right to due process.

These claims are sufficient to require a response.

## CONCLUSION

1. The clerk shall serve by regular mail a copy of this order and the petition with attachments upon respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within ninety days of the

2

1 issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing
2 Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.
3 Respondent shall file with the answer and serve on petitioner a copy of all portions of the state
4 trial record that have been transcribed previously and that are relevant to a determination of the
5 issues presented by the petition.

6 If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
7 court and serving it on respondent within thirty days of the date the answer is filed.

8 3. Respondent may file, within ninety days, a motion to dismiss on procedural grounds
9 in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
10 Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the
11 court and serve on respondent an opposition or statement of non-opposition within thirty days
12 of the date the motion is filed, and respondent shall file with the court and serve on petitioner a
13 reply within fifteen days of the date any opposition is filed.

14 4. Petitioner is reminded that all communications with the court must be served on
15 respondent by mailing a true copy of the document to respondent's counsel. Petitioner must
16 keep the court informed of any change of address and must comply with the court's orders in a
17 timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
18 pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772
19 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

20 5. Petitioner's application to proceed in forma pauperis (docket number 6) is **GRANTED.**
21 **IT IS SO ORDERED.**

23 Dated: December ___28___, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

HC.09\SMITH5219.OSC.wpd